**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-CV-61941-LEIBOWITZ/AUGUSTIN-BIRCH**

WILTON QUICENO,

      **Plaintiff,**

v.

PJC ELECTRIC LLC and PAOLA MEJIA,

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON**
**JOINT MOTION TO APPROVE SETTLEMENT**

This cause comes before the Court on the parties' Joint Motion to Approve Settlement. DE 33. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 34. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion [DE 33] be **GRANTED** and that the parties' Settlement Agreement [DE 33-1] be **APPROVED**.

Plaintiff Wilton Quiceno filed this action against Defendants PJC Electric LLC and Paola Mejia, his former employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him his full and proper overtime wages. DE 1. In his statement of claim, Plaintiff claimed a total of $8,342.72 in damages, comprised of $4,171.36 in unpaid overtime wages and $4,171.36 in liquidated damages. DE 8. Under the terms of the parties' Settlement Agreement, Plaintiff will receive a total of $10,586.02—comprised of $5,293.01 in unpaid overtime wages and $5,293.01 in liquidated damages. DE 33-1 at 1. The parties agreed for the undersigned United States Magistrate Judge to determine Plaintiff's counsel's reasonable attorney's fees and costs. *Id.*; DE 31.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. The parties assert that they settled to avoid the costs and uncertainty of further litigation and trial. DE 33 at 1. The parties also state that there was a bona fide dispute over the number of overtime hours Plaintiff worked and that, under the settlement, Plaintiff will receive a complete recovery of all overtime wages owed. *Id.* at 2.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for roughly 5 months before the parties settled at a settlement conference conducted by the undersigned United States Magistrate Judge. Having presided over the settlement conference, the Court finds that the parties engaged in good faith settlement negotiations. The Court also notes that the Settlement Agreement includes a payment for Plaintiff that exceeds the damages he stated in his statement of claim. *Compare* DE 8 (claiming $8,342.72 in damages), *with* DE 33-1 at 1 (providing Plaintiff with a payment of $10,586.02). Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a mutual general release, DE 33-1 at 2, and some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, because the release is mutual insofar as both parties are releasing any possible claims against each other, the Court concludes that the mutual general release is fair and reasonable.

The Settlement Agreement also contains a confidentiality clause requiring Plaintiff to keep the terms of the Settlement Agreement confidential.  DE 33-1 at 4.  Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed on the record and publicly available, the Court finds that the confidentiality clause is fair and reasonable. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, the parties agreed for the undersigned United States Magistrate Judge to determine the reasonable attorney's fees

and costs for Plaintiff's counsel. DE 33-1 at 1. The parties must comply with Southern District of Florida Local Rule 7.3 in briefing a motion for fees and costs.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as a no-rehire clause, a severability clause, and a choice-of-law provision. *See id.* at 3–6. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion to Approve Settlement [DE 33] be **GRANTED** and that the Settlement Agreement [DE 33-1] be **APPROVED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 8th day of April, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE